MARY MALONE, Respondent, *v.* KATHERINE HIRSCH, Appellant.*

(County Court, Saratoga County, October, 1916.)

*Contract — check given for rent — mistake as to street number of leased premises — lack of consideration.*

APPEAL from a judgment rendered in the city of Saratoga Springs in favor of plaintiff.

Dunlavey & Sweeny, for appellant.

Leary & Fullerton, for respondent.

SALISBURY, J.   This is an action to recover the sum of $250 from the defendant on a certain check dated July 21, 1916, drawn by defendant and payable to the plaintiff, or to her order, and on which payment was refused by the bank when presented to it on the ground that the defendant had directed the bank not to pay the same.   The answer alleges that the check was given by the defendant to the plaintiff for rent of premises in the city of Saratoga Springs, and that when given the defendant believed that she was renting premises known as No. 89 Nelson avenue, and that the premises which the plaintiff claimed to have rented were premises known as No. 39 Nelson avenue.   Upon the trial of the action it appears that on or about July 3, 1916, the plaintiff wrote a letter to a Mrs. Byrne, stating in substance that she, the plaintiff, was thinking of renting her house, five rooms and bath up stairs, and four rooms down stairs; parlor, dining room, sitting room and kitchen.   That the house was equipped with hot and cold water, electric lights and telephone, and that her price was $250 per season, and further stated in substance that if the person to whom the letter was

---

*Affirmed by the Appellate Division, Third Department, November 28, 1917.

addressed should not desire the house, but if she should hear of any persons wanting to rent a house, if she would advise them of plaintiff's property being for rent, she would be grateful and signed her name as follows: Mrs. Mary Malone, No. 89 Nelson avenue, Saratoga Springs, New York. The evidence discloses that the premises described were not the premises at No. 89 Nelson avenue, but the premises known as No. 39 Nelson avenue. The evidence also shows that the defendant had in her possession, previous to the giving of the check, the letter from Mrs. Malone, which had been given by Mrs. Byrne to the plaintiff. Evidence further shows that Max Hirsch, the husband of the defendant and who had, during all of the time of the renting of the house, acted as agent for the defendant, was very familiar with the neighborhood at No. 89 Nelson avenue, as he had formerly lived next door. It further appears that about the twenty-first of July, Hirsch, who had received the letter written by the plaintiff to Mrs. Byrne, called up Saratoga from New York and talked to a party who said she was the plaintiff in the action and had a talk with the party in which he asked her if she was Mrs. Malone, to which she replied " yes; " he asked her about the house, if there was a toilet and bath; told her that Mrs. Byrne had handed her a letter and that he understood that No. 89 Nelson avenue was for rent; she said she would let him have the house for $250, at which time Hirsch said he would send up the rent and look at the house and, if suitable, would take it; that a maid, unfamiliar with Saratoga, came up to Saratoga on Saturday with the check for $250. The defendant came up on Sunday; that when the defendant came on Sunday and found that the house which had been described in the letter was No. 39 Nelson avenue, he at once told Mrs. Malone that he did not like the house at all, and stated that it was not the house that he had bargained for; that he did not like the neighborhood; that it was

not the house that he had paid for and that the defendant asked for his check back.

In order that there should have been a legal contract of renting, the minds of the parties must have met. I am satisfied, from a reading of the evidence, that in this matter the minds of the parties did not meet. Hirsch, who was familiar with the neighborhood No. 89 Nelson avenue, had a right to assume and did assume that he was renting the premises known as No. 89 Nelson avenue. His whole attitude as shown by the evidence is indicative of that fact. The letter written by the plaintiff describes certain property, and one reading the letter would be justified in believing from the address that the premises described therein were No. 89 Nelson avenue. The plaintiff, however, had intended to and had accurately described the premises at No. 39 Nelson avenue, but there is nothing in the letter to indicate to any one that the premises therein described were other than No. 89 Nelson avenue; that before seeing the premises the defendant sent a maid, with the check for $250 to pay the rental; that the maid came on Saturday, on the evening of that day, and on Sunday morning defendant's agent, Hirsch, came, saw the premises and immediately stated that they were not the premises that had been rented and that he would not take them, and at that time demanded the return of his check. Upon the refusal of plaintiff, he stopped payment thereof.

The trial court gave judgment for the plaintiff. I am satisfied that this was error. There was no valid and binding contract, and the check was given without a legal consideration. The judgment must, therefore, be reversed.

Judgment reversed.